HORTON, J.,
concurring.
I fully join in the Court’s decision. I write separately only for the purpose of identifying an additional reason for rejecting Rawlings’ challenge to Idaho Code section 18-1401.
Rawlings’ equal protection argument on appeal, as distinguished from the argument before the trial court, is based upon the fact that burglary is punishable as a felony, whereas petit theft — or as Rawlings prefers to characterize it, “simple shoplifting” — is punishable as a misdemeanor. Based upon the disparate treatment of the different offenses, Rawlings asks this Court to declare Idaho Code section 18-1401 to be unconstitutional. In doing so, he overlooks one important fact: Idaho Code section 18-1401 does not declare burglary to be a felony nor does it prescribe potential penalties for the offense.
Idaho Code section 18-1403 defines the potential penalties for burglary as “imprisonment in the state prison for not less than one (1)nor more than ten (10) years.” Idaho Code section 18-109(2) defines an act punishable by imprisonment as a “crime” and Idaho Code section 18-111 defines a crime punishable by imprisonment in the state prison as a “felony.” Rawlings’ equal protection argument relates to the operation of Idaho Code section 18-1403, not Idaho Code section 18-1401. Thus, even if Rawlings’ equal protection argument were not otherwise completely devoid of merit, it would fail because he has asked us to declare the wrong statute to be unconstitutional.